UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10381
_____

KATIE B. SANCHEZ,

Plaintiff-Appellant,

versus

TOM GREEN COUNTY, TEXAS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(6:95-CV-033-C)
_____
December 27, 1996

Before JOLLY, JONES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered appellant Sanchez's challenge to the district court's grant of summary judgment in her Title VII action. Based on the briefs, the oral arguments of counsel and the record, we affirm the district court's judgment.

The county articulated legitimate, non-discriminatory reasons for not promoting Ms. Sanchez to the position of jail

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

sergeant. The county supported its position with evidence. Ms. Sanchez's rebuttal consisted primarily of speculation on her part. Stray remarks of another jail employee, remote in time from the circumstances of her applications for promotion, do not create a genuine issue of material fact. Britt v. The Grocers Supply, Inc., 978 F.2d 1441, 1450 (5th Cir. 1992). The stray remarks were made by an employee who was not responsible for hiring or promoting Ms. Sanchez. Further, the complaint that Ms. Sanchez was retaliated against by being put in a separate office and being told to stay out of the jailers' business does not concern a job action serious enough to qualify for a Title VII claim. Title VII is not designed to address every decision made by employers that arguably might have some tangential effect upon employees' working conditions. Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995). Sanchez, in short, did not provide sufficient evidence to create a jury issue on either of her Title VII claims.

AFFIRMED.